COREY R. AMUNDSON
Chief, Public Integrity Section
Criminal Division, U.S. Department of Justice
TANYA SENANAYAKE
Trial Attorney, Public Integrity Section
D.C. Bar No. 1006218
Criminal Division, U.S. Department of Justice
1301 New York Ave. 10th Floor
Washington, DC 20530
Telephone: 202-514-1412
Email: Tanya.Senanayake@usdoj.gov

GARY M. RESTAINO
United States Attorney
District of Arizona
SEAN K. LOKEY
Assistant United States Attorney
Arizona State Bar No. 033627
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: sean.lokey@usdoj.gov

☐ FILED  ☒ LODGED

**Mar 16 2023**

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, <br> Plaintiff, <br> vs. <br> Mark Anthony Rissi, <br> Defendant. | No. CR 22-01283-PHX-DWL (MTM) <br><br> **PLEA AGREEMENT** |

Plaintiff, the United States of America, by and through the undersigned attorneys for the Public Integrity Section, Criminal Division, United States Department of Justice, and for the United States Attorney's Office for the District of Arizona, and the defendant, Mark Anthony Rissi, hereby agree to resolve this matter on the following terms and conditions:

Doc ID: 0e3baacd9d892c77e88ae7240e86d895a102c422

1. **PLEA**

The defendant will plead guilty to Counts One and Three of the Indictment charging the defendant with one violation each of 18 U.S.C. § 875(c) (Interstate Threat), each Class D felony offenses.

2. **MAXIMUM PENALTIES**

a. A violation of 18 U.S.C. § 875(c), Counts One and Three, are <u>each</u> punishable by a maximum fine of $250,000, a maximum term of imprisonment of five (5) years, or both, and a term of supervised release of three (3) years. Therefore, the total maximum sentence for the offenses to which defendant is pleading guilty is a 10-year term of imprisonment and a $500,000 fine, or both. A maximum term of probation for each offense is five years (including a minimum term of one year if probation is imposed).

b. According to the Sentencing Guidelines issued pursuant to the Sentencing Reform Act of 1984, the Court shall order the defendant to:

(1) make restitution to any victim of the offense pursuant to 18 U.S.C. § 3663 and/or 3663A, unless the Court determines that restitution would not be appropriate;

(2) pay a fine pursuant to 18 U.S.C. § 3572, unless the Court finds that a fine is not appropriate;

(3) serve a term of supervised release when required by statute or when a sentence of imprisonment of more than one year is imposed (with the understanding that the Court may impose a term of supervised release in all other cases); and

(4) pay upon conviction a $100 special assessment for each count to which the defendant pleads guilty pursuant to 18 U.S.C. § 3013.

c. The Court is required to consider the Sentencing Guidelines in determining the defendant's sentence. However, the Sentencing Guidelines are advisory, and the Court is free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crime(s) of conviction, unless there are stipulations to the contrary that the Court accepts.

Doc ID: 0e3baacd9d892c77e88ae7240e86d895a102c422

3. **AGREEMENTS REGARDING SENTENCING**

a.  <u>Stipulation: Offense Level under the Guidelines</u>. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant stipulate that the following is the appropriate Sentencing Guideline Calculation in this case as set forth in the <u>Guidelines Manual for 2021</u>:

| SENTENCING GUIDELINES CALCULATIONS<br>COUNT ONE - 18 U.S.C. § 875(c)<br>COUNT THREE - 18 U.S.C. § 875(c) | |
|---|---|
| **Interstate Threatening Communication:** | |
| Base Offense Level (U.S.S.G. § 2A6.1) | 12 |
| Public Official Victim (U.S.S.G. § 3A1.2) | +6 |
| **Adjusted Offense Level** | 18 |

b.  <u>Stipulation: Applicable Guidelines Range</u>. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant stipulate that: Based upon the calculations set forth above, the defendant's stipulated Sentencing Guidelines range is 18 to 24 months (the "Stipulated Guidelines Range") based on a Criminal History Category of I and an adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (b) leading to an Offense Level of 15.  The parties agree that under the Sentencing Guidelines neither a downward nor an upward departure from the Stipulated Guidelines Range set forth above is warranted.  Accordingly, neither party will seek such a departure or seek any adjustment not set forth herein. Nor will either party suggest that the Court consider such a departure or adjustment.

c.  The parties further agree that a sentence within the Stipulated Guidelines Range would constitute a reasonable sentence in light of all of the factors set forth in 18 U.S.C. § 3553(a).  However, the parties agree that either party may seek a variance—a sentence outside of the Stipulated Guidelines Range—and suggest that the Court consider a sentence outside of the Stipulated Guidelines Range, based upon the factors to be considered in imposing a sentence pursuant to 18 U.S.C. § 3553(a).

Doc ID: 0e3baacd9d892c77e88ae7240e86d895a102c422

In support of any variance argument, the defendant agrees to provide to the United States reports, motions, and documentation of any kind on which the defendant intends to rely at sentencing not later than twenty-one days before sentencing. Any basis for sentencing with respect to which all expert reports, motions, and documentation have not been provided to the United States at least twenty-one days before sentencing shall be deemed waived.

  d. <u>Stipulation: Fine</u>. The parties agree that should the Court impose a fine, at Guidelines Offense Level 15, the applicable fine range is $7,500 to $75,000.

  e. Restitution. Pursuant to 18 U.S.C. § 3663 and/or 3663A, the defendant specifically agrees to pay full restitution, regardless of the resulting loss amount but in no event more than $20,000, to all victims directly or proximately harmed by the defendant's "relevant conduct," including conduct pertaining to any dismissed counts or uncharged conduct, as defined by U.S.S.G. § 1B1.3, regardless of whether such conduct constitutes an "offense" under 18 U.S.C. §§ 2259, 3663 or 3663A. The defendant understands that such restitution will be included in the Court's Order of Judgment and that an unanticipated restitution amount will not serve as grounds to withdraw the defendant's guilty plea or to withdraw from this plea agreement.

  f. Assets and Financial Responsibility. The defendant shall make a full accounting of all assets in which the defendant has any legal or equitable interest. The defendant shall not (and shall not aid or abet any other party to) sell, hide, waste, spend, or transfer any such assets or property before sentencing, without the prior approval of the United States (provided, however, that no prior approval will be required for routine, day-to-day expenditures). The defendant also expressly authorizes the Public Integrity Section or the United States Attorney's Office to immediately obtain a credit report as to the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court. The defendant also shall make full disclosure of all current and projected assets to the U.S. Probation Office immediately and prior to the termination of the defendant's supervised release or probation, such disclosures to be shared with the

Doc ID: 0e3baacd9d892c77e88ae7240e86d895a102c422

Public Integrity Section and the U.S. Attorney's Office, including the Financial Litigation Unit, for any purpose. Finally, the defendant shall participate in the Inmate Financial Responsibility Program to fulfill all financial obligations due and owing under this agreement and the law.

   g. **Acceptance of Responsibility.** If the defendant makes full and complete disclosure to the U.S. Probation Office of the circumstances surrounding the defendant's commission of the offense, and if the defendant demonstrates an acceptance of responsibility for this offense up to and including the time of sentencing, the United States will recommend a two-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(a). If the defendant has an offense level of 16 or more, the United States will move the Court for an additional one-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(b).

**4.** **AGREEMENT TO DISMISS OR NOT TO PROSECUTE**

   a. Pursuant to Fed. R. Crim. P. 11(c)(1)(A), the United States, at the time of sentencing, shall dismiss the following charges: Count Two of the Indictment.

   b. If the Court accepts the defendant's pleas of guilty and the defendant fulfills each of the terms and conditions of this Plea Agreement, the United States agrees that it will not further prosecute the defendant for any crimes described in the below factual basis or for any conduct of the defendant now known to the Public Integrity Section, to the United States Attorney's Office for the District of Arizona, and to the law enforcement agents working with the Public Integrity Section and the United States Attorney's Office for the District of Arizona on the present investigation. This agreement does not provide any limitation of liability arising out of any acts of violence.

   c. This agreement does not, in any manner, restrict the actions of the United States in any other district or bind any other United States Attorney's Office.

Doc ID: 0e3baacd9d892c77e88ae7240e86d895a102c422

**5. COURT APPROVAL REQUIRED; REINSTITUTION OF PROSECUTION**

  a. If the Court, after reviewing this plea agreement, concludes that any provision contained herein is inappropriate, it may reject the plea agreement and give the defendant the opportunity to withdraw the guilty plea in accordance with Fed. R. Crim. P. 11(c)(5).

  b. If the defendant's guilty plea or plea agreement is rejected, withdrawn, vacated, or reversed at any time, this agreement shall be null and void, the United States shall be free to prosecute the defendant for all crimes of which it then has knowledge and any charges that have been dismissed because of this plea agreement shall automatically be reinstated. In such event, the defendant waives any and all objections, motions, and defenses based upon the Statute of Limitations, the Speedy Trial Act, or constitutional restrictions in bringing later charges or proceedings. The defendant understands that any statements made at the time of the defendant's change of plea or sentencing may be used against the defendant in any subsequent hearing, trial, or proceeding subject to the limitations of Fed. R. Evid. 410.

**6. WAIVER OF DEFENSES AND APPEAL RIGHTS**

  The defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment or information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentence, including the manner in which the sentence is determined, including but not limited to any appeals under 18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and 2255 (habeas petitions), and any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c) (except for the right to file a compassionate release motion under 18 U.S.C. § 3582(c)(1)(A) and to appeal the denial of such a motion). This waiver shall result in the dismissal of any appeal, collateral attack, or other motion the defendant might file challenging the conviction, order of restitution or forfeiture, or sentence in this case.

Doc ID: 0e3baacd9d892c77e88ae7240e86d895a102c422

This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

**7.     DISCLOSURE OF INFORMATION**

    a.     The United States retains the unrestricted right to provide information and make any and all statements it deems appropriate to the U.S. Probation Office and to the Court in connection with the case.

    b.     Any information, statements, documents, and evidence that the defendant provides to the United States pursuant to this agreement may be used against the defendant at any time.

    c.     The defendant shall cooperate fully with the U.S. Probation Office. Such cooperation shall include providing complete and truthful responses to questions posed by the U.S. Probation Office including, but not limited to, questions relating to:

        (1)     criminal convictions, history of drug abuse, and mental illness; and

        (2)     financial information, including present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

**8.     FORFEITURE, CIVIL, AND ADMINISTRATIVE PROCEEDINGS**

    a.     Nothing in this agreement shall be construed to protect the defendant from administrative or civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture. Pursuant to 18 U.S.C. § 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment, shall be subject to immediate enforcement by the United States, and shall be submitted to the Treasury Offset Program so that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts (which offset will not affect the periodic payment schedule). If the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

Doc ID: 0e3baacd9d892c77e88ae7240e86d895a102c422

## 9. ELEMENTS

**Interstate Threat (18 U.S.C. § 875(c)) Count One**

On or about September 27, 2021, in the District of Arizona and elsewhere:

1. the defendant knowingly transmitted a communication containing a "true threat"[1] to injure or kill another person;
2. the defendant transmitted the communication for the purpose of issuing a true threat; and
3. the communication was transmitted in interstate or foreign commerce.

**Interstate Threat (18 U.S.C. § 875(c)) Count Three**

On or about December 8, 2021, in the District of Arizona and elsewhere:

1. the defendant knowingly transmitted a communication containing a "true threat" to injure or kill another person;
2. the defendant transmitted the communication for the purpose of issuing a true threat; and
3. the communication was transmitted in interstate or foreign commerce.

## 10. FACTUAL BASIS

a. The defendant admits that the following facts are true and that if this matter were to proceed to trial the United States could prove the following facts beyond a reasonable doubt:

On or about September 27, 2021, while in or near Hiawatha, Iowa, Defendant transmitted a voicemail message to Election Official 1 with the Maricopa County Board of Supervisors in Phoenix, Arizona, in which he stated the following:

"Hello Mr. [Election Official 1's last name], I am glad that you are standing up for democracy and want to place your hand on the Bible and say that the election was honest

---

[1] As used herein, "true threat" denotes that the defendant meant to communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals, and that a reasonable person who read the defendant's message would have interpreted that message as a true threat.

and fair. I really appreciate that. When we come to lynch your stupid lying Commie ass, you'll remember that you lied on the fucking Bible, you piece of shit. You're gonna die, you piece of shit. We're going to hang you. We're going to hang you."

Upon listening to the voicemail message from Defendant, employees with the Maricopa County Board of Supervisors expressed fear and immediately reported this message to law enforcement.

Additionally, on or about December 8, 2021, while in or near Hiawatha, Iowa, Defendant transmitted a voicemail message to Public Official 1 with the Arizona Attorney General's Office in Phoenix, Arizona, in which he stated the following:

"Yeah, this message is for [Title and full name of Public Official 1]. . . . I'm a victim of a crime. My family is a victim of a crime. My extended family is a victim of a crime. That crime was the theft of the 2020 election. The election that was fraudulent across the state of Arizona, that the [Title of Public Official 1] knows was fraudulent, that the [Title of Public Official 1] has images of the conspirators deleting election fraud data from the Maricopa County Board of Supervisors computer system. Do your job, [Public Official 1's last name], or you will hang with those son-of-a-bitches at the end. We will see to it. Torches and pitchforks. That's your future, dipshit. Do your job."

Upon listening to the December 8, 2021 voicemail message from Defendant, Public Official 1 stated that he viewed the voicemail message as a credible threat and serious matter, which caused him concern. Further, Public Official 1 stated that the language that Defendant used in his December 8, 2021 voicemail suggested that physical violence or harm may occur.

Defendant transmitted the September 27, 2021 voicemail message and the December 8, 2021 voicemail message described herein for the purpose of issuing a true threat.

Defendant acknowledges that a reasonable recipient would have interpreted the September 27, 2021 voicemail message and the December 8, 2021 voicemail message that he transmitted as described herein as a true threat.

- 9 -

Doc ID: 0e3baacd9d892c77e88ae7240e86d895a102c422

b. The defendant shall swear under oath to the accuracy of this statement and, if the defendant should be called upon to testify about this matter in the future, any intentional material inconsistencies in the defendant's testimony may subject the defendant to additional penalties for perjury or false swearing, which may be enforced by the United States under this agreement.

## **APPROVAL AND ACCEPTANCE OF THE DEFENDANT**

I have read the entire plea agreement with the assistance of my attorney. I understand each of its provisions and I voluntarily agree to it.

I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I shall waive my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination, all with the assistance of counsel, and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence and that my ultimate sentence shall be determined by the Court after consideration of the advisory Sentencing Guidelines.

My guilty plea is not the result of force, threats, assurances, or promises, other than the promises contained in this agreement. I voluntarily agree to the provisions of this agreement and I agree to be bound according to its provisions.

I understand that if I am granted probation or placed on supervised release by the Court, the terms and conditions of such probation/supervised release are subject to modification at any time. I further understand that if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon

Doc ID: 0e3baacd9d892c77e88ae7240e86d895a102c422

such revocation, notwithstanding any other provision of this agreement, I may be required to serve a term of imprisonment or my sentence otherwise may be altered.

This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in a separate document and may be filed with the Court under seal; accordingly, additional agreements, if any, may not be in the public record.

I further agree that promises, including any predictions as to the Sentencing Guideline range or to any Sentencing Guideline factors that will apply, made by anyone (including my attorney) that are not contained within this written plea agreement, are null and void and have no force and effect.

I am satisfied that my defense attorney has represented me in a competent manner.

I fully understand the terms and conditions of this plea agreement. I am not now using or under the influence of any drug, medication, liquor, or other intoxicant or depressant that would impair my ability to fully understand the terms and conditions of this plea agreement.

03 / 10 / 2023  *Mark Anthony Rissi*
Date                                        MARK ANTHONY RISSI
                                            Defendant

**APPROVAL OF DEFENSE COUNSEL**

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible. I have further discussed the concept of the advisory Sentencing Guidelines with the defendant. No assurances, promises, or representations have been given to me or to the defendant by the

Doc ID: 0e3baacd9d892c77e88ae7240e86d895a102c422

United States or any of its representatives that are not contained in this written agreement. I concur in the entry of the plea as indicated above and that the terms and conditions set forth in this agreement are in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

03 / 10 / 2023
Date

*Anthony J. Knowles*
ANTHONY J. KNOWLES
Attorney for Defendant

**APPROVAL OF THE UNITED STATES**

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth herein are appropriate and are in the best interests of justice.

COREY R. AMUNDSON
Chief, Public Integrity Section
U.S. Department of Justice

GARY M. RESTAINO
United States Attorney
District of Arizona

By: TANYA SENANAYAKE
Digitally signed by TANYA SENANAYAKE
Date: 2023.03.13 09:11:36 -04'00'

Tanya Senanayake
Trial Attorney

By: _____
Digitally signed by SEAN LOKEY
Date: 2023.03.13 08:03:16 -07'00'

Sean K. Lokey
Assistant U.S. Attorney

**ACCEPTANCE BY THE COURT**

Date

Honorable DOMINIC W. LANZA
United States District Judge

- 12 -

Doc ID: 0e3baacd9d892c77e88ae7240e86d895a102c422