GARY M. RESTAINO
United States Attorney
District of Arizona

SEAN K. LOKEY
Assistant United States Attorney
Arizona State Bar No. 033627
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: sean.lokey@usdoj.gov

TANYA SENANAYAKE
Trial Attorney
D.C. Bar No. 1006218
Counterterrorism Section
National Security Division
U.S. Department of Justice
950 Pennsylvania Ave. NW, Suite 7600
Washington, DC 20530
Telephone: 202-514-0849
Email: Tanya.Senanayake3@usdoj.gov

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-22-01283-PHX-DWL |
| Plaintiff, | **GOVERNMENT'S SENTENCING MEMORANDUM AND RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM** |
| v. | |
| Mark Anthony Rissi, | |
| Defendant. | |

## UNITED STATES' SENTENCING MEMORANDUM

In September 2021, Defendant called Victim 1, an election official in Maricopa County, and left a threatening voicemail for him. A few months later, Defendant called Victim 2, a public official with the State of Arizona who had been associated with news surrounding Arizona's elections, and then left a threatening voicemail for him. Defendant

was subsequently charged with, and agreed to plead guilty to, two counts of transmitting interstate threats. Threats such as those left by Defendant represent a growing problem of national concern: As is true in this case, threats leave public officials who administer elections fearful for their lives and for the safety of their families.

For the reasons discussed below, a sentence of 24 months of imprisonment for Defendant is sufficient but not greater than necessary to comply with the purposes outlined in 18 U.S.C. § 3553.

**I.     BACKGROUND**

The Draft Presentence Investigation Report ("PSR") (Doc. 40) and the plea agreement ("Plea Agreement") (Doc. 30) provide detailed information regarding the facts underlying the charged conduct, so the government only briefly describes the facts here.

On September 27, 2021, Defendant called Victim 1, an election official with the Maricopa County Board of Supervisors, and left a voicemail on Victim 1's office phone system. In this voicemail, Defendant stated:

> Hello Mr. [Victim 1's last name]. I am glad you are standing up for democracy and want to place your hand on the Bible and say that the election was honest and fair. I really appreciate that. When we come to lynch your stupid lying Commie ass, you'll remember that you lied on the fucking Bible, you piece of shit. You're gonna die, you piece of shit. We're going to hang you. We're going to hang you.

(Plea Agreement at 8-9; *see* PSR ¶ 6.)

Then, on December 8, 2021, Defendant called the office of Victim 2, a public official with the Arizona Attorney General's Office, and left a voicemail, stating:

> Yeah, this message is for [Title and full name of Victim 2]. . . . I'm a victim of a crime. My family is a victim of a crime. My extended family is a victim of a crime. That crime was the theft of the 2020 election. The election that was fraudulent across the state of Arizona, that the [Title of Victim 2] knows was fraudulent, that the [Title of Victim 2] has images of the conspirators deleting election fraud data from the Maricopa County Board of Supervisors computer system. Do your job, [Victim 2's last name], or you will hang with those son-of-a-bitches at the end. We will see to it. Torches and pitchforks. That's your future, dipshit. Do your job.

(Plea Agreement at 9; *see* PSR ¶ 7.)

On October 4, 2022, Defendant was charged by indictment in the District of Arizona with two counts of transmitting an interstate threat, in violation of 18 U.S.C. § 875(c), and one count of transmitting a threatening interstate telephone call, in violation 47 U.S.C. § 223(a)(1)(C). (Doc. 3.) On April 13, 2023, Defendant entered a guilty plea to Counts 1 and 3 of the indictment. (*See* Plea Agreement at 2.)

## II. SENTENCING RECOMMENDATION

### A. The Court Should Sentence Defendant to 24 Months of Imprisonment

Defendant's conduct warrants a term of 24 months of imprisonment, which would be sufficient but not greater than necessary to comply with the purposes set forth in

18 U.S.C. § 3553.

Defendant pled guilty to two counts of violating 18 U.S.C. § 875(c), which criminalizes "transmit[ting] in interstate or foreign commerce any communication containing any threat to kidnap any person or any threat to injure the person of another." 18 U.S.C. § 875(c); *see* Plea Agreement at 8. In the Plea Agreement, the parties stipulated that the Defendant's Sentencing Guidelines range is 18 to 24 months. (Plea Agreement at 3.)

      B.    <u>The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant (18 U.S.C. § 3553(a)(1))</u>

The nature and circumstances of Defendant's offense conduct justify the 24-month term of imprisonment that the government seeks here. Upon listening to the voicemail message from Defendant directed at Victim 1, employees with the Maricopa County Board of Supervisors expressed fear and immediately reported Defendant's message to law enforcement. (Plea Agreement at 9.) Further, upon listening to the December 8, 2021 voicemail message from Defendant, Victim 2 stated that he viewed the voicemail message as a credible threat and serious matter, which caused him concern. (*Id.*) Defendant's statements were true threats, as Defendant concedes; they were not political speech or jests. (*Id.*)

Defendant called two separate offices, for two separate public officials involved in the administration of elections. He made these calls months apart, in September and December 2021, each time using exceptionally vituperative threatening language, and each time invoking the prospect of hanging the official. The repeated nature of these similar

offenses only adds to the seriousness of the offenses here. Threatening public officials is a serious matter; it is never warranted by the situation, no matter how heated or politically charged.

C. <u>The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment for the Offense (18 U.S.C. § 3553(a)(2)(A))</u>

The government's sentencing recommendation accounts for the seriousness of the offense. Defendant left two voicemails containing threatening statements. In both instances, Defendant called the office line of the public official, referenced his anger surrounding his beliefs about alleged election irregularities and his judgment of the officials' response, and demonstrated his willingness to incite fear to coerce officials into performing their duties as Defendant wished. A sentence here should account for the seriousness of the offense, which strikes at one of our core democratic institutions: free and fair elections. Given Defendant's conduct, a meaningful sentence is necessary to promote respect for the law and provide just punishment commensurate with the harm that Defendant caused.

D. <u>The Need for the Sentence Imposed to Afford Adequate Deterrence to Criminal Conduct (18 U.S.C. § 3553(a)(2)(B))</u>

A term of 24 months of imprisonment would adequately serve the purpose of general deterrence. The government possesses no information that indicates that the Defendant will commit similar offenses in this district. However, election officials and workers report that they are targeted by threats across the nation, and this disturbing trend underscores the need for general deterrence.

According to one recent survey, for instance, nearly one in three local election officials report being threatened, abused, or harassed in recent years, and nearly half reported being concerned about the safety of their colleagues and/or staff. *See Local Election Officials Survey*, Brennan Center for Justice at 3 (Apr. 2023), *available at* https://www.brennancenter.org/our-work/research-reports/local-election-officials-survey-april-2023. Further, 73 percent of local election officials feel that threats have increased in recent years. *Id*. at 11. There are serious effects to threats such as the ones charged here. For instance, over 50 percent of local election workers are concerned that threats, harassment, and intimidation will harm the retention and recruitment of workers to administer elections. *Id*. at 3.

A sentence of 24 months of imprisonment could push those who would criminally threaten election officials and workers to reconsider their planned conduct, as the public becomes increasingly aware that such criminal conduct can have serious consequences. Further, the victims here—and all individuals who administer our elections—deserve to be able to do their jobs without fear and intimidation, and to know that those who choose to threaten them will face just punishment.

### III. A Variance is Not Warranted Here

A variance is not justified in this case. To be sure, Defendant accepted full responsibility for making the two threats at issue here. In doing so, Defendant saved the government the time and expense of further litigation and a trial. But Defendant has not presented grounds that warrant a variance.

First, Defendant notes in his sentencing memorandum ("Def. Mem.") that he "had no intention to carry out any threats, go to Arizona, or harm anyone in anyway." (Def. Mem. at 5.) The government has no information indicating that Defendant intended to carry out his threats. But the "prohibition on true threats 'protect[s] individuals from the fear of violence' and 'from the disruption that fear engenders,' in addition to protecting people 'from the possibility that the threatened violence will occur.'" *Virginia v. Black*, 538 U.S. 343, 360 (2003) (internal citations omitted). That Defendant had no intent to commit an act of unlawful violence is legally irrelevant to the determination that the threats at issue here were true threats. *Id*.

Second, Defendant argues that a variance is warranted on the basis that he "was inundated with misinformation and exaggerations regarding the election process in Arizona" and "had individuals pushing false theories regarding the administration of the election process in Arizona" while he was in challenging circumstances and, presumably, more vulnerable to this misinformation. (Def. Mem. at 4.) But Defendant had recourse to plentiful lawful means to register his protest in these circumstances. For instance, Defendant could have called the victims' offices and simply chosen different words because expressing political opinions—even angrily—does not in any way hinge on the use of criminally threatening language. Even if Defendant believed that he was more vulnerable to "misinformation and fabrications regarding the administration of the election in Arizona," Def. Mem. at 4, at a time when he states that he was navigating difficult life challenges, Defendant nonetheless chose to use language he believed would engender fear so that he could have the impact that he desired.

## IV. Conclusion

For the foregoing reasons, the United States respectfully requests that the Court sentence Defendant to a term of imprisonment of 24 months, to be followed by a period of supervised release.

Respectfully submitted this 16th day of August, 2023.

GARY M. RESTAINO
United States Attorney
District of Arizona

*/s/ Sean K. Lokey*
Sean K. Lokey
Assistant U.S. Attorney

*/s/ Tanya Senanayake*
Tanya Senanayake
Trial Attorney
Counterterrorism Section
National Security Division
U.S. Department of Justice

**CERTIFICATE OF SERVICE**

I hereby certify that on August 16, 2023, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorney of record for the defendant.

/s/ *Tanya Senanayake*
Tanya Senanayake
Trial Attorney
Counterterrorism Section
National Security Division
U.S. Department of Justice